# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| v. | : Criminal No. 14-574-ALL |
| **DEVOS LTD. d/b/a GUARANTEED RETURNS** | : |
| **DEAN VOLKES** | : |
| **DONNA FALLON** | |
| | : |

# O R D E R

AND NOW, this _____ day of _____, 2023, upon consideration of the government's motion pursuant to 18 U.S.C. §§ 3664(i) and 3612(c), and 28 U.S.C. §§ 2041, 2042, requesting the Court to enter an order to approve the manner in which the Clerk of Court is to disburse payments it receives for restitution imposed in this case, and, for the reasons set forth in the motion, the Court finds that cause exists to grant the motion, and, therefore, it is hereby

ORDERED that the Motion of United States of America to Authorize the Payment of Restitution is GRANTED; and it is further

ORDERED that, pursuant to 18 U.S.C. §§ 3664(i) and 3612(c), the Clerk of Court is authorized to apply and disburse payments received for restitution in the following manner:[1]

---

[1] As prescribed in 18 U.S.C. § 3612(c), to the extent not satisfied, the Clerk of Court first must apply payments to any outstanding special assessment. Payments also are to be paid toward any outstanding criminal fine only after satisfaction of all restitution.

(1) Restitution owed to non-federal government victims in the amount of $25.00 or greater.

(2) Restitution owed to non-federal government victims whose claim is less than $25.00. The Clerk of Court, however, shall disburse payment to these victims only upon written request by the victim to the Court. Pursuant to 28 U.S.C. § 2041, the Clerk of Court is directed to maintain on deposit all funds received on account of these claims in its Civil-Criminal Accounting Deposit Account. The Clerk of Court also is authorized to maintain, preserve, and transfer these funds in accordance with the procedures established by the Administrative Office for the United States Courts and this Court.

(3) Restitution owed to all federal government victims. The Clerk of Court shall pay restitution owed to the federal government to the Defense Logistics Agency, c/o DLA Troop Support, as follows:

> Defense Logistics Agency
> DLA Troop Support
> 700 Robbins Avenue
> Philadelphia, PA 19111;

and it is further

ORDERED that the United States Attorney's Office for the Eastern District of Pennsylvania shall provide written notice to the victims listed in paragraph two, above, of their right to request payment for restitution provided under this Order; and it is further

ORDERED that, pursuant to 28 U.S.C. § 2042, the Clerk of Court is authorized to disburse restitution to the victims listed in paragraph two, above, only upon the submission

- 3 -

of a written request for payment, by an authorized party or agent, to the Clerk of Court, which shall be submitted as follows:

> Clerk, United States District Court
> Attn: Financial Manager
> 2609 U.S. Courthouse
> 601 Market Street
> Philadelphia, PA 19106-1797,

with a copy provided to counsel for the government:

> United States Attorney's Office
> Eastern District of Pennsylvania
> Attn: Financial Litigation Unit
> 615 Chestnut Street
> Suite 1250
> Philadelphia, PA 19106-4476;

and it is further

ORDERED that the Clerk of Court is authorized to commence disbursing restitution 90 days from the date of entry of amended criminal judgments following resentencing of the defendants in this case. The Clerk of Court may disburse restitution if it receives payment for full restitution prior to this date; and it is further

ORDERED that the Clerk of Court is authorized to provide victims with authorization and instruction forms to facilitate the payment of restitution by electronic funds transfer; and it is further

ORDERED that the Clerk of Court shall provide a certified copy of this Order to counsel for the government (Attn: Joseph F. Minni, AUSA).

_____
**HONORABLE MARK A. KEARNEY**
**United States District Judge**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **Criminal No. 14-574-ALL** |
| **DEVOS LTD. d/b/a GUARANTEED RETURNS** | : | |
| **DEAN VOLKES** | : | |
| **DONNA FALLON** | | |
| | : | |

**MOTION OF UNITED STATES OF AMERICA
TO AUTHORIZE THE PAYMENT OF RESTITUTION**

Pursuant to 18 U.S.C. §§ 3664(i) and 3612(c), and 28 U.S.C. §§ 2041 and 2042, the United States of America, by its attorneys, respectfully moves for entry of an order to approve the manner in which the Clerk of Court shall apply and disburse funds it receives for the payment of restitution imposed in this case.

WHEREFORE, for the reasons set forth in the attached memorandum of law, the government requests that this Court grant the motion.

    Respectfully submitted,

    JACQUELINE C. ROMERO
    United States Attorney

    SARAH L. GRIEB
    Assistant United States Attorney
    Chief, Asset Recovery and
    Financial Litigation Section

    */s/ Joseph F. Minni*
    PATRICK J. MURRAY
    JOSEPH F. MINNI
    ELIZABETH M. RAY
    Assistant United States Attorneys

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | Criminal No. 14-574-ALL |
| **DEVOS LTD. d/b/a GUARANTEED RETURNS** | : | |
| **DEAN VOLKES** | : | |
| **DONNA FALLON** | | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION OF UNITED STATES OF AMERICA
TO AUTHORIZE THE PAYMENT OF RESTITUTION**

The United States of America, by its attorneys, submits this memorandum of law in support of its Motion to Authorize the Payment of Restitution in this case.

**I.   INTRODUCTION**

This Court has scheduled hearings for August 23, 2023 to resentence the defendants. As a result of the decision of the Court of Appeals, defendants Devos, Ltd. d/b/a Guaranteed Returns ("Guaranteed Returns") and Dean Volkes ("Volkes") are jointly and severally liable for a total of $95,253,090.05 in restitution. *United States v. Fallon, et al.*, 61 F.4th 95, 126 (3d Cir. 2023). Of this amount, Guaranteed Returns, Volkes, and defendant Donna Fallon ("Fallon") are jointly and severally liable for $515,221.89 in restitution. *Id*. Restitution is owed to thousands of private and federal government entities, with loss amounts ranging from more than $1 million to less than one dollar. The government anticipates that there will be sufficient funds available for the Clerk of Court to disburse substantial restitution to these

victims. The government also will request this Court to order the defendants to pay appropriate criminal fines. To enable the Clerk to disburse restitution in an efficient manner and expedite the processing of payments to victims, the government seeks entry of an order to authorize the specific manner in which the Court is to disburse restitution in this case.

## II.     STATEMENT OF FACTS

On February 11, 2016, the grand jury for this district returned a superseding indictment charging Guaranteed Returns, Volkes, and Fallon with wire fraud, in violation of 18 U.S.C. § 1343; mail fraud, in violation of 18 U.S.C. § 1341; theft of government property, in violation of 18 U.S.C. § 641; conspiracy to launder money, in violation of 18 U.S.C. § 1956(h); conspiracy to obstruct justice, in violation of 18 U.S.C. § 371; obstruction of justice, in violation of 18 U.S.C. §§ 1512 and 1519; and false statements to law enforcement, in violation of 18 U.S.C. § 1001. The superseding indictment charged Guaranteed Returns and Volkes in all counts and charged Fallon only in Counts 41 through 52 (mail fraud and attempt to commit mail fraud) and 54 through 64 (money laundering conspiracy, conspiracy to obstruct justice, obstruction of justice, and false statements to law enforcement).

On March 22, 2017, following a multi-week trial, the jury convicted Guaranteed Returns of all 64 counts. The jury acquitted Volkes on Counts 56 through 61, relating to obstruction of justice, and convicted him on all other charges. The jury acquitted Fallon on Counts 55 and 62 through 64, relating to conspiracy to obstruct justice and obstruction of justice, and convicted her on all other charges against her. The defendants filed a joint motion for judgment of acquittal and for a new trial, which this Court denied.

On July 1, 2019, this Court sentenced Volkes to 60 months' imprisonment and to pay $94,737,868.16 in restitution, which is joint and several only with Guaranteed Returns,

$515,221.89 in restitution, which is joint and several with all defendants, a $25,000 criminal fine, and a special assessment of $5,800. This Court also entered a forfeiture money judgment of $114,832,445 against Volkes and ordered him to forfeit all funds held in two Merrill Lynch accounts. To date, Volkes has made only partial payments toward the special assessment, and he owes $5,163.45 for this debt and $94,951,397.21 in restitution.

This Court sentenced Fallon to one year and one day of imprisonment and to pay a $25,000 criminal fine, $515,221.89 in restitution, and a $1,900 special assessment. To date, Fallon has paid the special assessment and received credit of approximately $20,000 through the offset of her federal income tax refunds that were paid toward her restitution obligation. Fallon currently owes $494,329.05 in restitution.

This Court sentenced Guaranteed Returns to five years' probation and to pay $94,737,868.16 in restitution, which is joint and several only with Volkes, and $515,221.89 in restitution, which is joint and several with all defendants, a $15 million criminal fine, and a $6,400 special assessment. This Court also entered a forfeiture money judgment of $114,832,445 against Guaranteed Returns. To date, Guaranteed Returns has paid only the special assessment and $275,800 in restitution. It currently owes $94,951,397.21 in restitution.

Each defendant filed a timely appeal. In its opinion dated January 11, 2023, the Court of Appeals affirmed the defendants' convictions except for the money laundering conspiracy charge (Count 54). *See United States v. Fallon*, 61 F.4th at 127. Importantly, the Court of Appeals affirmed the restitution order for all defendants. *Id*. at 126. Specifically, the Court of Appeals stated that the restitution awards "do not need to be recalculated" because they were not based on the money laundering conspiracy charges. *Id*. n. 128. As a result, this Court

must reimpose restitution jointly and severally against Guaranteed Returns and Volkes in the total amount of $95,253,090.05, and jointly and severally against all defendants in the amount of $515,221.89.

The defendants owe restitution to thousands of victims, who are private and federal government entities. The loss amounts owed to these victims range from more than $1 million to less than one dollar.[1] Based on the value of assets that the government seized and other payments it expects to receive for restitution, the government believes that there will be substantial funds available for restitution for the Clerk of Court to disburse to victims. However, given the substantial number of victims in this case, in particular those victims who are owed less than $25, the government seeks entry of an order to authorize the specific manner in which the Clerk of Court is to disburse restitution in this case.

## III.   ARGUMENT

The Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, *et seq*. ("MVRA"), which governs sentencing in this case, provides:

> If the court finds that more than 1 victim has sustained a loss requiring restitution by a defendant, the court may provide for a different payment schedule for each victim based on the type and amount of each victim's loss and accounting for the economic circumstances of each victim.

18 U.S.C. § 3664(i). Section 3664(i) directs that if the United States is a victim, non-government victims should be paid before the United States. *See id.* Section 3612(c) also directs the Clerk of Court to first apply payments toward any special assessment before

---

[1] Approximately 5,200 victims are each owed less than $25 in restitution. Within this group are approximately 600 victims who are each owed less than one dollar in restitution.

paying restitution. *Id*. The Clerk of Court is required to pay restitution in full before applying any payments toward a criminal fine. *Id*.

Here, the government requests this Court to authorize the Clerk of Court to disburse restitution to the victims in the following manner:

First, the Clerk of Court should process and disburse restitution to non-government victims who are owed $25.00 or greater in restitution.

Second, the Clerk of Court should process and only credit restitution owed to the non-government victims who are owed a total of less than $25.00. There are approximately 5,200 victims in this group. This includes approximately 600 victims who are each owed less than one dollar in restitution. Processing and disbursing restitution to these victims will create an administrative burden for the Clerk of Court. To process these claims in an efficient manner, the government requests that this Court authorize the Clerk of Court to accept (and credit) payment for restitution owed to these victims, and to maintain the funds owed to these victims in its official account and disburse only if the victims submits a formal request to the Court seeking payment. *See* 28 U.S.C. § 2041 (Court may authorize payment of funds into the Court and authorize the Clerk of Court to accept and hold such funds in a designated depository account); 28 U.S.C. § 2042 (providing that "no money deposited under section 2041 . . . shall be withdrawn except by order of court").

This requested procedure is appropriate and necessary given the large number of victims who are owed less than $25 in restitution. These funds will remain on deposit with the Clerk of Court or the United States Treasury until the victim requests payment. This procedure also is necessary in light of the purpose of the MVRA to ensure that defendants fully compensate their victims for their losses. *See United States v. Diaz*, 245 F.3d 294, 312

(3d Cir. 2001), citing *United States v. Kress*, 944 F.2d 155, 159-60 (3d Cir. 1991) (purpose of restitution under the MVRA is to "compensate the victim for its losses and, to the extent possible, to make the victim whole"). Importantly, upon entry of an order granting this motion, the government intends to provide direct written notice of this procedure to these victims to advise them of their right to request payment from the Clerk of Court.

Third, the Clerk of Court should pay restitution owed to the federal government victims. The Department of Defense, on behalf of various entities within the U.S. Armed Forces and other federal entities, such as the U.S. Department of Veterans Affairs, Bureau of Prisons, and National Institute of Health, is responsible for processing payments from Guaranteed Returns under the contract that was managed by the Defense Logistics Agency ("DLA"). The restitution of approximately $19,508,943 is owed to these government entities. Because of the contractual arrangement between Guaranteed Returns and DLA, the Clerk of Court should disburse restitution payments directly to the Defense Logistics Agency – DLA Troop Support, which will then be responsible for processing payments owed to each of these various federal entities.

To further facilitate the processing of payments, the government requests that this Court authorize the Clerk of Court to issue authorization and instruction forms to certain restitution payees to facilitate payment by electronic funds transfer. This will enable the Clerk to promptly issue payment by wire transfer and permit the Clerk to not forward large dollar payments by check to victims through the United States mail.

Lastly, the government requests that this Court authorize the Clerk of Court to disburse restitution no sooner than 90 days following entry of amended criminal judgments following the resentencing hearings. While under the Crime Victims Rights Act, 18 U.S.C.

§ 3771, victims have the right "to full and timely restitution as provided in law," 18 U.S.C. § 3771(a)(6), this requested delay is appropriate in this instance. Given the anticipated recovery for restitution in this case, this requested procedure will permit the Clerk to make one disbursement to each of the numerous victims in this case (or set aside their payment in its official account) for the full amount of restitution owed to each victim. This procedure also is necessary to eliminate the additional time and expense that the Clerk will incur if it must issue additional payments to victims, especially if the additional disbursements represent nominal payments computed on a *pro rata* basis.

  The government submits that cause exists to grant the relief requested by this motion. The MVRA specifically allows this Court to provide restitution payment schedules for different classes of victims. The proposed payment schedule here is necessary and appropriate for the Clerk of Court to account for and disburse restitution to thousands of victims in a timely and efficient manner. More importantly, the relief sought will not prejudice the defendants in any way because it does not alter the amount of the restitution ordered in any way and only concerns the manner in which the Clerk shall pay restitution to the victims here. Lastly, the requested relief is proper in that it will ensure that the defendants pay full restitution as mandated by the MVRA.

- 8 -

## IV. CONCLUSION

For the reasons explained above, the government requests that this Court grant the motion.

                       Respectfully submitted,

                       JACQUELINE C. ROMERO
                       United States Attorney

                       SARAH L. GRIEB
                       Assistant United States Attorney
                       Chief, Asset Recovery and
                       Financial Litigation Section

                       */s/ Joseph F. Minni*
                       PATRICK J. MURRAY
                       JOSEPH F. MINNI
                       ELIZABETH M. RAY
                       Assistant United States Attorneys

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the MOTION OF UNITED STATES OF AMERICA TO AUTHORIZE THE PAYMENT OF RESTITUTION was electronically filed in the Clerk's Office Electronic Case Filing (ECF) system and is available for viewing and downloading from the ECF system, and that a true and correct copy was served by electronic filing, on counsel of record.

                /s/ Joseph F. Minni
                JOSEPH F. MINNI
                Assistant United States Attorney

Date: August 9, 2023.